**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01966-JLK

LACEY GANZY, on behalf of J.G and N.G., minor children;
JON and MISTY MARTIN, on behalf of C.M., a minor child; and
NADARIAN and ALEXIS CLARK, on behalf of D.C., a minor child,

      Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE-1; and
JOHN VEIT, in his official and individual capacities,

      Defendants.

---

## ANSWER

---

Defendants Douglas County School District RE-1 and John Veit, hereby answer the Amended Complaint filed by Plaintiffs Lacey Ganzy, on behalf of J.G and N.G., minor children, Jon and Misty Martin, on behalf of C.M., a minor child, and Nadarian and Alexis Clark on behalf of D.C., a minor child, as follows:

    A.    As to the Introduction, Defendants admit that J.G., N.G., C.M., and D.C. attended Douglas County High School and Castle Rock Middle School and that Plaintiffs seek judicial relief. Defendants lack sufficient knowledge regarding the number of students who joined the referenced Snapchat group to admit or deny that allegation in the Introduction, and therefore, deny it. Defendants deny the remaining allegations in the Introduction.

    B.    As to ¶¶ 1–4, Defendants admit that at this time, J.G., N.G., C.M., and D.C. are minors and United States citizens. Defendants lack sufficient knowledge regarding J.G., N.G.,

C.M., and D.C.'s current residency to admit or deny those allegations in the paragraphs, and therefore, deny them.

    C.    Defendants admit the allegations of ¶ 5.

    D.    Defendants admit the allegations of ¶ 6, but they deny the characterization of the Board of Education as a legal entity separate from the School District.

    E.    As to ¶ 7, Defendants admit Veit's citizenship, residency, and principalship, but they deny that he "served . . . on behalf of Defendant DCSD."

    F.    ¶¶ 8–9 constitute recitations of law regarding jurisdiction that do not require a response.

    G.    As to ¶ 10, Defendants admit the factual allegations, but the assertion of proper venue is a conclusion of law that does not require a response.

    H.    Defendants admit the demographic allegation in ¶ 11, but they lack sufficient knowledge regarding Plaintiffs' meaning of "suburban and rural" to admit or deny those allegations in the paragraph, and therefore, deny them.

    I.    Defendants deny the student enrollment allegation in ¶ 12, but they admit the remaining allegations in the paragraph.

    J.    Defendants deny the allegations in ¶¶ 13–14.

    K.    Defendants admit the allegations in ¶¶ 15–22.

    L.    Defendants lack sufficient knowledge to admit or deny the vague allegations in ¶¶ 23–24, and therefore, deny them.

    M.    As to ¶¶ 25–26, the minutes and recording of the April 25, 2023 Board meeting speak for themselves, and Defendants deny all inconsistent allegations.

N. Defendants lack sufficient knowledge of what Plaintiffs mean by "comprehensive equity policy" to admit or deny the allegation in ¶ 27 and therefore, deny it.

O. As to ¶ 28, the minutes and recording of the April 25, 2023 Board meeting speak for themselves, and Defendants deny all inconsistent allegations.

P. Defendants admit the Board of Education adopted Policy ADB on March 23, 2021, but they deny the remaining allegations in ¶ 29.

Q. As to ¶¶ 30–33, Policy ADB speaks for itself, and Defendants deny all allegations inconsistent with its provisions.

R. Defendants deny the allegations in ¶¶ 34–36.

S. Defendants lack sufficient knowledge to admit or deny the vague allegations in ¶ 37 and therefore, deny them.

T. As to ¶¶ 38–40, Policy ADB speaks for itself, and Defendants deny all allegations inconsistent with its provisions. Defendants lack sufficient knowledge to admit or deny the unreferenced quotations alleged in the paragraphs and therefore, deny them. Defendants admit Mike Peterson is the President of the Board of Education, but they deny the remaining allegations in the paragraphs.

U. Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 41–51 and therefore, deny them.

V. As to ¶ 52, Defendants admit Peterson, Christy Williams, Kaylee Winegar, and Becky Myers were elected to the Board of Education on November 2, 2021, but they deny the remaining allegations in the paragraph.

W. Defendants admit the allegations in ¶ 53.

X. Defendants deny the allegations in ¶ 54.

Y. Defendants lack sufficient knowledge to admit or deny the vague allegations in ¶¶ 55–56, and therefore, deny them.

Z. As to ¶ 57, Defendants admit that J.G. and N.G. have been reported as siblings who are biracial, but they lack sufficient knowledge to admit or deny the allegations regarding third-party perceptions, and therefore, deny them.

AA. As to ¶¶ 58–60, Defendants deny N.G.'s age, but they admit the remaining allegations in the paragraphs.

BB. Defendants deny the allegations in ¶¶ 61–62.

CC. Defendants lack sufficient knowledge to admit or deny the vague allegations in ¶ 63, and therefore, deny them.

DD. Defendants deny the allegations in ¶¶ 64–66.

EE. ¶¶ 67–70 consist of legal conclusions to which no response is required.

FF. Defendants deny the allegations in ¶ 71.

GG. Defendants lack sufficient knowledge of what Plaintiffs mean by "big part" to admit or deny the allegation in ¶ 72, and therefore, deny it.

HH. Defendants deny the allegations in ¶ 73–75.

II. Defendants lack sufficient knowledge to admit or deny the vague allegations in ¶¶ 76–78, and therefore, deny them.

JJ. Defendants deny the allegations in ¶ 79–80.

KK As to ¶ 81, Defendants admit that N.G. withdrew from Douglas County High School, but they lack sufficient knowledge to admit or deny the remainder of the allegations within

that paragraph, and therefore, deny them.

LL. As to ¶¶ 82–84, Defendants deny D.C.'s age, but they admit the remaining allegations in the paragraphs.

MM. As to ¶ 85, Defendants admit the general allegation regarding pods at Castle Rock Middle School during the 2022–2023 school year, but they deny the remaining allegations in the paragraph.

NN. Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 86–90, and therefore, deny them.

OO. Defendants admit the allegations in ¶ 91.

PP. Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 92–95, and therefore, deny them.

QQ. Defendants admit that C.M. and two other students were placed on a mutual no-contact contract and that C.M.'s parents were informed. Defendants deny the remaining allegations in ¶ 96.

RR. Defendants deny the allegations in ¶ 97.

SS. Defendants admit that Assistant Principal Kristine Streander spoke on the phone with C.M.'s parents about an escort plan, under which an adult would escort him to and from class throughout the school day. Defendants deny the remaining allegations in ¶ 98.

TT. Defendants deny the allegations in ¶ 99.

UU. Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 100–101, and therefore, deny them.

VV. Defendants deny the allegations in ¶ 102.

WW. Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 103, and therefore, deny them.

XX. Defendants deny the allegations in ¶¶ 104–105.

YY. Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 106–107, and therefore, deny them.

ZZ. Defendants deny the allegations in ¶ 108.

AAA. Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 109, and therefore, deny them.

BBB. Defendants admit the allegations in ¶ 110.

CCC. Defendants deny the allegations in ¶¶ 111–112.

DDD. Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 113–115, and therefore, deny them.

EEE. As to ¶ 116, Defendants admit being shown some of the content from the group chat, but they lack sufficient knowledge to admit or deny the remaining allegations in the paragraph, and therefore, deny them.

FFF. Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 117–119, and therefore, deny them.

GGG. Defendants admit that on March 10, 2023, at 5:38 p.m., the District received a comment from an email address assigned to J.G. and that the comment is accurately quoted in ¶ 120. Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraph, and therefore, deny them.

HHH. Defendants deny the allegations in ¶ 121.

  III.  As to ¶ 122, Defendants admit the quoted portion of Veit's response, but they deny the remaining allegations in the paragraph.

  JJJ.  Defendants deny the allegations in ¶¶ 123–125.

  KKK.  Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 126–131, and therefore, deny them.

  LLL.  Defendants deny the allegations in ¶¶ 132–134.

  MMM.  Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 135, and therefore, deny them.

  NNN.  Defendants deny the allegations in ¶¶ 136–138.

  OOO.  Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 139, and therefore, deny them.

  PPP.  Defendants deny the allegations in ¶¶ 140–141.

  QQQ.  Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 142, and therefore, deny them.

  RRR.  Defendants deny the allegations in ¶¶ 143–147.

  SSS.  Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 148, and therefore, deny them.

  TTT.  Defendants deny the allegation in ¶ 149.

  UUU.  Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 150–151, and therefore, deny them.

  VVV.  Defendants admit the allegations in ¶ 152.

  WWW.  As to ¶¶ 153–156, Defendants admit that J.G.'s mother met with Assistant

Principal Russell Loucks and that J.G. showed derogatory posts from the Snapchat feed. Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraphs, and therefore, deny them.

        XXX.        Defendants deny the allegations in ¶¶ 157–160.

        YYY.        As to ¶ 161, Defendants admit that Lacey Ganzy came to the School District administrative building on April 20, 2023, but they lack sufficient knowledge to admit or deny the remaining allegations in the paragraph, and therefore, deny them.

        ZZZ.        As to ¶ 162, Defendants admit that Lacey Ganzy encountered Amanda Thompson at the School District administrative building and that Deputy Superintendent Danelle Hiatt met with Ms. Thompson and Ms. Ganzy in a room, but they deny the remaining allegations in the paragraph.

        AAAA.        Defendants admit the allegations in ¶¶ 163–164.

        BBBB.        Defendants deny the allegations in ¶ 165.

        CCCC.        Defendants admit the allegations in ¶ 166.

        DDDD.        Defendants deny the allegations in ¶¶ 167–171.

        EEEE.        Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 172–173, and therefore, deny them.

        FFFF.        Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 174, and therefore, deny them.

        GGGG.        As to ¶¶ 175–176, Defendants admit that Veit spoke with J.G.'s mother by phone on April 20, 2023 and was asked about discipline. Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraphs, and therefore, deny them.

HHHH.	Defendants deny the allegations in ¶ 177.

IIII.	As to ¶ 178, Defendants deny the allegations regarding Veit. Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraph, and therefore, deny them.

JJJJ.	Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 179, and therefore, deny them.

KKKK.	Defendants deny the allegations in ¶ 180.

LLLL.	As to ¶ 181, Defendants admit that J.G.'s mother then expressed interest in having J.G. return to CRMS. Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraph, and therefore, deny them.

MMMM.	As to ¶ 182, Defendants admit that Veit shared that staff would draft a safety and support plan for J.G. and would like to meet the following day to review the draft plan, but they deny the remaining allegations in the paragraph.

NNNN.	As to ¶ 183, Defendants admit that J.G. transferred to eDCSD, but they deny the allegations regarding Veit.

OOOO.	Defendants lack sufficient knowledge to admit or deny the allegations in ¶ 184, and therefore, deny them.

PPPP.	As to ¶ 185, Defendants admit J.G. did not attend the pod meeting. Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraph, and therefore, deny them.

QQQQ.	Defendants lack sufficient knowledge to admit or deny the allegations in ¶¶ 186–190, and therefore, deny them.

RRRR. Defendants deny the allegations in ¶ 191.

SSSS. As to ¶ 192, Defendants deny that C.M. finished the school year "remotely." Defendants lack sufficient knowledge to admit or deny the remaining allegations in the paragraph, and therefore, deny them.

TTTT. Defendants admit the allegations in ¶ 193.

UUUU. As to ¶¶ 194–197, the minutes and recording of the April 25, 2023 Board meeting speak for themselves, and Defendants deny all inconsistent allegations.

VVVV. Defendants lack sufficient knowledge regarding Plaintiffs' meaning of "reached out to apologize or otherwise support" to admit or deny the allegations in ¶ 198, and therefore, deny them.

WWWW. Defendants lack sufficient knowledge to admit or deny the vague allegations in ¶ 199, and therefore, deny them.

XXXX. As to ¶ 200, the minutes and recording of the May 23, 2023 Board meeting speak for themselves, and Defendants deny all inconsistent allegations.

YYYY. Defendants deny the allegations in ¶¶ 201–202.

ZZZZ. As to ¶ 203, Defendants admit Elizabeth Hanson resigned from the Board of Education at the May 23, 2023 Board meeting, but they lack sufficient knowledge to admit or deny the remaining allegations and therefore, deny them.

AAAAA. As to ¶¶ 204–209, the minutes and recording of the May 23, 2023 Board meeting speak for themselves, and Defendants deny all inconsistent allegations. In addition, Defendants lack sufficient knowledge to admit or deny the vague allegation regarding "statements to the press" in ¶ 206 and therefore, deny them.

BBBBB.    Defendants deny the allegations in ¶¶ 210–211.

CCCCC.    As to ¶ 212, Defendants likewise incorporate by reference herein their above responses to Plaintiffs' previously numbered paragraphs.

DDDDD.    ¶ 213 constitutes a recitation of law that does not require a response.

EEEEE.    As to ¶ 214, Defendants admit the District has received federal financial assistance, but they lack sufficient knowledge to admit or deny the vague allegation regarding "all relevant times" and therefore, deny it.

FFFFF.    Defendants deny the allegations in ¶¶ 215–222.

GGGGG.    As to ¶ 223, Defendants likewise incorporate by reference herein their above responses to Plaintiffs' previously numbered paragraphs.

HHHHH.    ¶¶ 224–226 constitute recitation of law that do not require responses.

IIIII.    Defendants deny the allegations in ¶¶ 227–228.

JJJJJ.    The allegations within ¶ 229 are not factual and do not require a response. In addition, while Defendants admit Veit is a District employee, they lack sufficient knowledge to admit or deny the vague allegation regarding "all relevant times" and therefore, deny it.

KKKKK.    Defendants deny the allegations in ¶¶ 230–241.

LLLLL.    Defendants concurrently move to dismiss Plaintiffs' third claim for relief and therefore, no answer to the allegations in ¶¶ 242–249 is required.

## GENERAL DENIAL

Any allegation not specifically admitted is denied.

## GENERAL AND AFFIRMATIVE DEFENSES

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2. Defendants did not engage in any intentional racial discrimination towards J.G., N.G., C.M., or D.C.

3. The District did not have constructive or actual knowledge of all the harassment Plaintiffs allege, and the District did not fail to train and was not deliberately indifferent to harassment that was so severe, pervasive and objectively offensive that it deprived J.G., N.G., C.M., or D.C. of access to the educational benefits or opportunities provided by their schools.

4. Defendants responded to the harassment of which they were aware in a manner that was not clearly or objectively unreasonable.

5. Veit is entitled to qualified immunity.

6. Defendants did not cause any damages allegedly incurred by Plaintiffs.

7. The District reserves the right to assert additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that this Court enter judgment in their favor and against Plaintiffs, award Defendants their costs and any attorney's fees provided by law, and enter such other relief to Defendants as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 2nd day of October, 2023.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Jonathan P. Fero*
M. Brent Case
Jonathan P. Fero
1120 Lincoln Street, Suite 1308
Denver, CO  80203
(303) 595-0941
bcase@semplelaw.com
jfero@semplelaw.com
*Attorneys for Defendants Douglas County School District RE-1, Board of Education for Douglas*

*County School District RE-1, and John Veit, in his official and individual capacities.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2023, a correct copy of the foregoing **ANSWER** was filed and served via CM/ECF to the following:

RATHOD | MOHAMEDBHAI LLC
Iris Halpern
Crist Whitney
Matthew J. Cron
2701 Lawrence Street, Suite 100
Denver, CO 80205
(303) 578-4400
ih@rmlawyers.com
cw@rmlawyers.com
mc@rmlawyers.com
*Attorneys for Plaintiffs*

By: *s/ Elaine Montoya*

13