**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01966-JLK

LACEY GANZY, on behalf of J.G AND N.G., minor children;
JON AND MISTY MARTIN, on behalf of C.M., a minor child; and
NADARIAN AND ALEXIS CLARK, on behalf of D.C., a minor child,

      Plaintiffs,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE-1; and
JOHN VEIT, in his official and individual capacities,

      Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

As stipulated and requested by each party and each counsel of record in this case, this Protective Order concerning the treatment of Confidential Information (as hereinafter defined) is issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1.      In this action, at least one of the parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests.

2.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the parties in

1

the manner provided in paragraph 3 below as containing: personnel records, student educational records, medical records, and other sensitive information about minors.

3.      Where Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

  a.      By imprinting the word "Confidential" on the first page or cover of any document produced;

  b.      By imprinting the word "Confidential" next to the information; or

   above any response to a discovery request; and

  c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.      All Confidential Information provided by a party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

  a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

  b.      It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case.

5.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.      The party's counsel who discloses Confidential Information shall be responsible for

2

assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.    During the pendency of this action, opposing counsel may, based on a court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 6 above, upon a showing of substantial need to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.    No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.    During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.    If opposing counsel objects to the designation of certain information as Confidential Information by the other parties' counsel, he or she shall promptly inform designating counsel in writing of the specific grounds for the objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing/objecting counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of designating counsel's receipt of opposing counsel's written objection. The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11.    Use of Confidential Information in Court Proceedings:  In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use

3

at trial, it shall not lose its confidential status as between the parties through such use. However, Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted as restricted filings or otherwise kept out of the public record in this action, except by court order issued upon motion of the party seeking to restrict the documents. Any such motion shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12.     By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

14.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

DATED this ___ day of _____, 20_____.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

4

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| *s/ Iris Halpern* | *s/ M. Brent Case* |
| Iris Halpern | M. Brent Case |
| Matthew J. Cron | Jon Fero |
| Crist Whitney | Semple, Farrington, Everall & Case, P.C. |
| Andrea Mohamedbhai | 1120 Lincoln Street, Suite 1308 |
| Rathod | Mohamedbhai LLC | Denver, Colorado 80203 |
| 2701 Lawrence St. | (720) 974-9737 (t) |
| Denver, CO 80205 | bcase@semplelaw.com |
| (303) 578-4400 (t) | jfero@semplelaw.com |
| mc@rmlawyers.com | |
| ih@rmlawyers.com | ATTORNEYS FOR DEFENDANTS |
| cw@rmlawyers.com | |
| am@rmlawyers.com | |

ATTORNEYS FOR PLAINTIFFS